Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

Western District of Wisconsin

|  |  |  |
|---|---|---|
| SAJJAD NASIR | ) | Case No. ___3:26-cv-00606___ |
| *Plaintiff(s)* | ) | *(to be filled in by the Clerk's Office)* |
| **-v-** | ) | Jury Trial:   X  Yes  ☐ No |
| 1. China Unicom   2. Equinix Inc.<br>3. National Australian Bank   4. Australian Superannuation Fund<br>5. GIO Insurance | ) | |
| *Defendant(s)* | ) | |

## COMPLAINT FOR A CIVIL CASE

### I.      The Parties to This Complaint

#### A.      The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Sajjad Nasir |
| Street Address | U29 30-44 Railway Terrace |
| City and County | NSW Australia |
| State and Zip Code | NSW 2142 |
| Telephone Number | +61404261955 |
| E-mail Address | sajjadqut01@outlook.com |

#### B.      The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

| | |
|---|---|
| Name | China Unicom |
| Job or Title *(if known)* | CHINESE MILITARY-INDUSTRIAL COMPLEX COMPANIES |
| Street Address | 75th Floor, The Center, 99 Queen's Road |
| City and County | Central, Hong Kong |
| State and Zip Code | Hong Kong SAR China |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | EQUINIX, INC. |
| Job or Title *(if known)* | Datacentre and ITC infrastructure as service |
| Street Address | One Lagoon Drive |
| City and County | Redwood City |
| State and Zip Code | California 94065 |
| Telephone Number | (650) 598-6000 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | National Australian Bank |
| Job or Title *(if known)* | Financial & Banking |
| Street Address | Level 28, 395 Bourke Street |
| City and County | Melbourne, Australia |
| State and Zip Code | VIC 3000 |
| Telephone Number | 1800 966 100 |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | GIO Insurance (Suncorp Group) |
| Job or Title *(if known)* | Financial Insurance & Banking |
| Street Address | Court Process Desk, Level 23, 80 Ann Street |
| City and County | Brisbane, Australia |
| State and Zip Code | QLD 4000 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 5

| | | |
|---|---|---|
| Name | Australian Superannuation Fund Ltd |
| Job or Title *(if known)* | Financial / Investment / Superannuation Trustee |
| Street Address | Court Process Service Desk, |
| City and County | GPO BOX 1901, MELBOURNE |
| State and Zip Code | VIC  300 |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II.     Basis for Jurisdiction

What is the basis for federal court jurisdiction?

X   Federal question                    ☐   Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.        If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

18 U.S.C. § 1595 - Civil remedy; 18 U.S.C. § 1596 - Additional jurisdiction in certain trafficking offenses; 18 U.S.C. § 1590 - Trafficking with respect to forced labor; 18 U.S.C. § 1589 - Forced labor; 18 U.S.C. § 1593A - Benefitting financially from trafficking in persons; 18 U.S.C. § 1592 - Unlawful conduct with respect to documents in furtherance of trafficking.

### B.        If the Basis for Jurisdiction Is Diversity of Citizenship

1.        The Plaintiff(s)

a.        If the plaintiff is an individual

The plaintiff, (*name*) _____ , is a citizen of the State of (*name*) _____ .

b.        If the plaintiff is a corporation

The plaintiff, (*name*) _____ , is incorporated under the laws of the State of (*name*) _____ , and has its principal place of business in the State of (*name*) _____ .

2.        The Defendant(s)

a.        If the defendant is an individual

The defendant, (*name*) _____ , is a citizen of the State of (*name*) _____ .  Or is a citizen of (*foreign nation*) _____ .

b.        If the defendant is a corporation

The defendant, (*name*)    **Equinix Inc (NASDAQ: EQIX)** , is incorporated under the laws of the State of (*name*)    **Delaware** , and has its principal place of business in the State of (*name*)    **Ringwood City, California** .
Or is incorporated under the laws of (*foreign nation*) _____ ,

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

III.    **Statement of Claim**

**1.**   The Plaintiff seeks civil remedies pursuant to 18 U.S.C. § 1595 and invokes this Court's extraterritorial jurisdiction under 18 U.S.C. § 1596(a)(1). This action arises from the Defendants' alleged violations of 18 U.S.C. § 1590 (trafficking) and 18 U.S.C. § 1589 (forced labor), perpetrated through a joint venture in contravention of 18 U.S.C. § 1593A. The joint venture comprises: (a) Equinix Inc., an entity registered with the U.S. Securities and Exchange Commission; (b) China Unicom, an entity designated on the OFAC Non-SDN Chinese Military-Industrial Complex List; and (c) multiple entities registered with the Australian Securities and Investments Commission, including National Australia Bank, Australian Superannuation Fund, GIO Insurance,  Acting in coordination through layers of shell entities, front offices, and complex financial schemes, the Defendants structured this venture to evade or circumvent:(i) the prohibitions on securities investments that finance Communist Chinese military companies under Executive Order 13959; (ii) the Federal Communications Commission's Order (FCC 22-9), which revoked China Unicom (Americas) Operations Limited's license to provide   domestic interstate and international telecommunications services within the United States; and (iii) the removal and delisting of the stated securities from the New York Stock Exchange,(99.25-2)

**2.**   Between September 30, 2024, and January 19, 2025, Defendants Equinix Inc., National Australia Bank (NAB), and Australian Superannuation Fund Ltd. (Australian Super) violated 18 U.S.C. § 1590 (trafficking with respect to forced labor) by knowingly and intentionally orchestrating the fraudulent recruitment and cross-border transportation of the Plaintiff from a facility owned and operated by Equinix Inc. (639 Gardeners Road, Sydney, Australia – "SY1") to a facility owned, operated, or associated with an entity on the Chinese Military-Industrial Complex Companies List – China Unicom (2 Tai Seng Avenue, Singapore – "Tai Seng Exchange"). The alleged trafficking conduct was carried out through deceptive recruitment tactics, including false identities, sham front offices, a network of fictitious employment agencies, and fraudulent employment advertisements posted on professional social job boards—all purportedly for the SY1 location. Having fraudulently secured the Plaintiff's labor at SY1 under the guise of legitimate employment, and as part of a single, continuous scheme, the Defendants knowingly transported, transferred, and trafficked the Plaintiff to the Tai Seng Exchange—an act directly caused by the Defendants' prior fraudulent recruitment. The purpose of this trafficking scheme was to cross-validate and legitimize the SY1 facility as an operational front office for the Defendants' broader joint venture. This venture was directly facilitated by NAB, acting as the commercial bank and underwriter of the scheme, and Australian Super, acting as the employment superannuation fund trustee—both of whom knowingly participated in the deceptive recruitment and subsequent cross-border transportation with the intent to obtain forced labor, in direct violation of 18 U.S.C. § 1590.

**3.**   Between January 21, 2025, and March 17, 2025, Defendants Equinix Inc., National Australia Ban (NAB), Australian Superannuation Fund Ltd. (Australian Super), and China Unicom violated

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

18 U.S.C. § 1589 (forced labor) by knowingly obtaining and maintaining the Plaintiff's labor and services through a scheme employing employment contractual fraud, physical isolation, coercive transportation methods, false banking transactions, abuse of legal and administrative processes, and a pattern intended to cause the Plaintiff to believe he would suffer serious harm. To effectuate this offense, the Defendants engineered a fraudulent employment contract and paired it with false banking transactions designed to create and enforce an artificial employment debt, requiring the Plaintiff to personally bear operational and corporate expenses under threat of manufactured legal and financial liabilities if he attempted to cease work. To enforce compliance, maintain physical isolation, and conceal the operational footprint, Defendant China Unicom transported the Plaintiff face down on the covered floor of a cargo van between facilities owned, operated, or associated with China Unicom. Under these coercive conditions, the Plaintiff was compelled to perform manual labour, consisting of the transportation, handling, and staging of IT and telecommunications hardware. The explicit corporate objective of this forced labour was to build, operationalize, and conceal a network of front-office facilities for China Unicom—an entity prohibited from providing telecommunications services within the United States under Federal Communications Commission Order (FCC 22-9). As a direct result of this forced labour, the Plaintiff sustained spinal trauma. The Defendants further abused legal and administrative processes by deliberately denying the Plaintiff access to diagnostic and emergency medical treatment, thereby maintaining his physical isolation and continuing the forced labour scheme throughout the relevant period, in direct violation of 18 U.S.C. § 1589.

 4.    Between January 21, 2025, and March 17, 2025, Defendants Equinix Inc., National Australia Bank (NAB), Australian Superannuation Fund Ltd. (Australian Super), China Unicom, and GIO Insurance (Suncorp Group) violated 18 U.S.C. § 1592 by knowingly fabricating, falsifying, concealing, confiscating, misrepresenting, and possessing the Plaintiff's bank accounts, financial transactions, employment and taxation records, medical radiology test results, doctors' reports, and savings fund accounts, in furtherance of the offenses of trafficking and forced labour. Defendant NAB persistently either fabricated financial transactions within the Plaintiff's checking account to create false debts to force labor and trafficking activities or unlawfully moved cash avoiding the U.S. SWIFT system. Similarly, Defendant Australian Super persistently fabricated transactions within the Plaintiff's savings fund account held with the Defendant (#1072131772). Defendant GIO Insurance (Suncorp Group), in order to participate in the venture, fabricated medical records, falsified medical reports, and attempted to obtain false reports.

 5.    The Plaintiff respectfully submits to this Court that Defendant China Unicom, as an entity on the Chinese Military-Industrial Complex Companies List, has knowingly and continuously derived financial benefits from its participation in the forced labour and trafficking venture alleged herein, in violation of 18 U.S.C. § 1593A. Having exhausted all alternative remedial procedures at the highest levels in both Singapore and Australia, the Plaintiff respectfully requests that this Court intervene to halt the Defendants' ongoing violations, thereby protecting fundamental freedoms, labour rights, human dignity, U.S. national interests, and the integrity of the free market.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

### IV. RELIEF

1.  WHEREFORE, the Plaintiff respectfully prays that this Court enter judgment in his favor and against the Defendants, jointly and severally, and award the flowerer, the Plaintiff respectfully prays that this Court enters judgment in his favor and against the Defendants, jointly and severally, and award the following relief:

2.  Compensatory damages in an amount to be proven at trial, including but not limited to damages for medical expenses, lost wages, loss of earning capacity, pain and suffering, emotional distress, and financial harm;

3.  Punitive damages in an amount sufficient to punish the Defendants for their egregious and willful misconduct and to deter future violations of 18 U.S.C. §§ 1589, 1590, 1592, and 1593A

4.  Injunctive relief, including an order enjoining the Defendants from continuing the trafficking, forced labor, and document manipulation scheme alleged herein, and requiring the return and restoration of all documents unlawfully concealed, fabricated, or possessed; Such other and further relief as this Court deems just and proper

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, , and belief that this complaint:  is not being presented for an improper purpose, such as to harass, e unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers served.  I understand that my failure to keep a current address on file with the Clerk's Office may in the dismissal of my case.

Date of signing:                     03/07/2026

Signature of Plaintiff

Printed Name of Plaintiff        Sajjad Nasir

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address