Pro Se 1 (Rev. 12/16) Amended - Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the

Western District of Wisconsin

|  |  |  |
|---|---|---|
| Sajjad Nasir | ) | Case No.  3:26-cv-00606 |
| *Plaintiff(s)* | ) | |
| | ) | |
| **-v-** | ) | Jury Trial:  ☒ Yes  ☐ No |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| 1. China Unicom 2. Equinix Inc. 3. National Australian Bank 4. Australian Superannuation Fund 5. GIO Insurance | ) | |
| *Defendant(s)* | ) | |
| | ) | |

## AMENDED COMPLAINT FOR A CIVIL CASE

### I.   The Parties to This Complaint

#### A.   The Plaintiff(s)

| | |
|---|---|
| Name | Sajjad Nasir |
| Street Address | U29 30-44 Railway Terrace |
| City and County | NSW Australia |
| State and Zip Code | NSW 2142 |
| Telephone Number | +61404261955 |
| E-mail Address | sajjadqut01@outlook.com |

#### B.   The Defendant(s)

Defendant No. 1

| | |
|---|---|
| Name | China Unicom |
| Job or Title *(if known)* | Chinese Military-Industrial Complex Companies |
| Street Address | 75th Floor, The Center, 99 Queen's Road |
| City and County | Central, Hong Kong |

Pro Se 1 (Rev. 12/16) Amended - Complaint for a Civil Case

|  |  |
|---|---|
| State and Zip Code | Hong Kong SAR China |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

|  |  |
|---|---|
| Name | Equinix, Inc. |
| Job or Title *(if known)* | Datacentre and ITC infrastructure as service |
| Street Address | One Lagoon Drive |
| City and County | Redwood City |
| State and Zip Code | California 94065 |
| Telephone Number | (650) 598-6000 |
| E-mail Address *(if known)* | |

Defendant No. 3

|  |  |
|---|---|
| Name | National Australian Bank |
| Job or Title *(if known)* | Financial & Banking |
| Street Address | Level 28, 395 Bourke Street |
| City and County | Melbourne, Australia |
| State and Zip Code | VIC 3000 |
| Telephone Number | 1800 966 100 |
| E-mail Address *(if known)* | |

Defendant No. 4

|  |  |
|---|---|
| Name | GIO Insurance (Suncorp Group) |
| Job or Title *(if known)* | Financial Insurance & Banking |
| Street Address | Court Process Desk, Level 23, 80 Ann Street |
| City and County | Brisbane, Australia |
| State and Zip Code | QLD 4000 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No.5

|  |  |
|---|---|
| Name | Australian Superannuation Fund Ltd |
| Job or Title (if known) | FFinancial / Investment / Superannuation Trustee |
| Street Address | Court Process Service Desk, |
| City and County | GPO BOX 1901, MELBOURNE |
| State and Zip Code | VIC 300 |

Pro Se 1 (Rev. 12/16) Amended - Complaint for a Civil Case

## II.    Basis for Jurisdiction

☒ Federal question              ☐ Diversity of Citizenship

### A.  Federal Question Under Original Jurisdiction — 28 U.S.C. § 1331

The subject matter falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1331 for the alleged violations of *18 U.S.C. § 1589 (forced labor)*, *18 U.S.C. § 1590 (trafficking with respect to forced labor)*, 18 U.S.C. § 1592 (unlawful conduct with respect to documents), and 18 U.S.C. § 1593A (financial benefit from trafficking), as the statute allows civil complaints under 18 U.S.C. § 1595 to seek remedies. The U.S. Securities and Exchange Commission filing of Defendant Equinix Inc. confirms the entity is registered under the State of Delaware with its office address being 1 Lagoon Drive, Redwood City, CA, while disclosing with the same SEC filing address 639 Gardeners Road, Sydney, Australia as one of its owned and operated facilities.

### B.  Sanctions Jurisdiction — CMIC-EO13959

The United States imposes and enforces economic and trade sanctions against designated foreign persons and entities through the Office of Foreign Assets Control pursuant to the International Emergency Economic Powers Act. These sanctions have the force of federal law and apply not only to U.S. persons but also to non-U.S. persons who cause or conspire to cause U.S. persons to violate sanctions, or who engage in conduct that evades U.S. sanctions, as confirmed by the Department of Commerce, Department of the Treasury, and Department of Justice Tri-Seal Compliance Note dated March 6, 2024. Defendant China Unicom and its related enterprises are designated on the OFAC Non-SDN Chinese Military-Industrial Complex Companies List under Executive Order 13959 (CMIC-EO13959). The Federal Communications Commission, by Order FCC 22-9, revoked China Unicom (Americas) Operations Limited's authorization to provide domestic interstate and international telecommunications services within the United States, and China Unicom's securities were subsequently removed and delisted from the New York Stock Exchange. To evade or avoid this sanctions jurisdiction, China Unicom conspired with foreign entities, including National Australia Bank Ltd. and AustralianSuper Pty Ltd., to establish and operate front offices and shell entities, as alleged in the Statement of Claim. This evasion of the U.S. sanctions program occurred in tandem with the primary offenses under 18 U.S.C. §§ 1589, 1590, and 1592, and constitutes conduct directed at the United States, bringing the defendants within the jurisdiction of this Court.

## C.  18 U.S.C. § 1596 (Additional Jurisdiction):

The US federal Court has jurisdiction over the has additional jurisdiction under 18 U.S.C. § 1596, which extends extra-territorial authority over offenses arising under 18 U.S.C. §§ 1589, 1590, 1592, and 1593A when the statutory conditions in subsection (a)(1) or subsection (a)(2) are met. The defendants named in this action fall within those statutory categories, establishing the Court's jurisdiction over the subject matter of the trafficking-related claims asserted.

1.  **18 U.S.C.§ 1596(a)(1)** —The Defendant National Australian Bank Ltd. is registered with the U.S. Securities and Exchange Commission under CIK 0000833029, with Employer Identification Number 13-2901144, classified under SIC Code 6021 (National Commercial Banks). NAB's SEC filing confirms State of incorporation: NY (New York), with its business address at Level 4, 800 Bourke Street, Docklands, VIC 3008, Australia. NAB has filed 265 EDGAR filings with the SEC since February 14, 1995. As a national commercial bank incorporated in New York, NAB is an alleged offender present in the United States within the meaning of 18 U.S.C. § 1596(a)(1).

2.  **18 U.S.C. § 1596(a) (2** — Defendant GIO Insurance (Suncorp Group Ltd.) is registered with the U.S. Securities and Exchange Commission under CIK 0001589695. The SEC's EDGAR system records Suncorp Group Ltd. with State location: Australia and State of incorporation: Australia, with its business address at 36 Wickham Terrace, Level 18, Suncorp Centre, Brisbane, Australia 4000. Suncorp Group Ltd. has been filing with the SEC since 2013, including multiple Form F-6 Registration Statements for American Depositary Receipt shares (File Number 333-191930, effective November 15, 2013; File Number 333-228881, filed December 18, 2018, and amended January 22, 2019). Through its SEC registration and ongoing filings within the U.S. regulatory framework, Suncorp Group Ltd. has purposefully availed itself of U.S. jurisdiction. The offense occurs in part within the United States through the entity's SEC-regulated existence and its participation in a joint venture with Equinix Inc., a U.S. corporation. Defendant GIO Insurance is a subsidiary and operating entity of Suncorp Group Ltd.

3.  **18 U.S.C. § 1596(a) (2** — Defendant AustralianSuper Pty Ltd is registered with the U.S. Securities and Exchange Commission under CIK 0001694164 and holds Employer Identification Number 98-0503676. AustralianSuper files quarterly institutional investment manager reports on Form 13F-HR and statements of beneficial ownership of U.S. securities on Schedule 13G and has submitted more than eighty EDGAR filings since January 11, 2017. Through its active management of U.S. securities and its continuing SEC reporting obligations, AustralianSuper has purposefully availed itself of U.S. jurisdiction, establishing a sustained regulatory and financial presence within the United States. The offense occurs in part within the United States through AustralianSuper's U.S. securities activities and its participation in a joint venture with Equinix Inc., a U.S. corporation.

Pro Se 1 (Rev. 12/16) Amended - Complaint for a Civil Case

## III.   Statement of Claim

**B.**   The Plaintiff seeks civil remedies pursuant to 18 U.S.C. § 1595 and invokes this Court's original jurisdiction under 28 U.S.C. § 1331, extended extraterritorial jurisdiction under *18 U.S.C. § 1596(a)(1)* and *(a)(2)*, and sanctions jurisdiction under *CMIC-EO13959*. This action arises from the Defendants' alleged violations of 18 U.S.C. § 1590 (trafficking) and 18 U.S.C. § 1589 (forced labor), perpetrated through a joint venture in contravention of 18 U.S.C. § 1593A. The joint venture comprises: (a) Equinix Inc., an entity registered with the U.S. Securities and Exchange Commission; (b) China Unicom, an entity designated on the OFAC Non-SDN Chinese Military-Industrial Complex List; and (c) multiple entities registered with the Australian Securities and Investments Commission, including National Australia Bank, Australian Superannuation Fund, and GIO Insurance. Acting in coordination through layers of shell entities, front offices, and complex financial schemes, the Defendants structured this venture to evade or circumvent: (i) the prohibitions on securities investments that finance Communist Chinese military companies under Executive Order 13959; (ii) the Federal Communications Commission's Order (FCC 22-9), which revoked China Unicom (Americas) Operations Limited's license to provide domestic interstate and international telecommunications services within the United States; and (iii) the removal and delisting of the stated securities from the New York Stock Exchange.

**C.**   **Between** September 30, 2024, and January 19, 2025, Defendants Equinix Inc., National Australia Bank (NAB), and Australian Superannuation Fund Ltd. (Australian Super) violated *18 U.S.C. § 1590 (trafficking with respect to forced Labor)* by knowingly and intentionally orchestrating the fraudulent recruitment and cross-border transportation of the Plaintiff from a facility owned and operated by Equinix Inc. (639 Gardeners Road, Sydney, Australia – "SY1") to a facility owned, operated, or associated with an entity on the Chinese Military-Industrial Complex Companies List – China Unicom (2 Tai Seng Avenue, Singapore – "Tai Seng Exchange"). The alleged trafficking conduct was carried out through deceptive recruitment tactics, including false identities, sham front offices, a network of fictitious employment agencies, and fraudulent employment advertisements posted on professional social job boards—all purportedly for the SY1 location. Having fraudulently secured the Plaintiff's labor at SY1 under the guise of legitimate employment, and as part of a single, continuous scheme, the Defendants knowingly transported, transferred, and trafficked the Plaintiff to the Tai Seng Exchange— an act directly caused by the Defendants' prior fraudulent recruitment. The purpose of this trafficking scheme was to cross-validate and legitimize the SY1 facility as an operational front office for the Defendants' broader joint venture. This venture was directly facilitated by NAB, acting as the employment superannuation fund trustee—both of whom knowingly participated in the deceptive recruitment and subsequent cross-border transportation with the intent to obtain forced labor, in direct violation of 18 U.S.C. § 1590.

**D.**   Between January 21, 2025, and March 17, 2025, Defendants Equinix Inc., National Australia Ban (NAB), Australian Superannuation Fund Ltd. (Australian Super), and China Unicom violated **18 U.S.C. § 1589 (forced labor)** by knowingly obtaining and maintaining the Plaintiff's labor and services through a scheme employing employment contractual fraud, physical isolation, coercive transportation methods, false banking transactions, abuse of legal and administrative processes, and a pattern intended

to cause the Plaintiff to believe he would suffer serious harm. To effectuate this offense, the Defendants engineered a fraudulent employment contract and paired it with false banking transactions designed to create and enforce an artificial employment debt, requiring the Plaintiff to personally bear operational and corporate expenses under threat of manufactured legal and financial liabilities if he attempted to cease work. To enforce compliance, maintain physical isolation, and conceal the operational footprint, Defendant China Unicom transported the Plaintiff face down on thecovered floor of a cargo van between facilities owned, operated, or associated with China Unicom. Under these coercive conditions, the Plaintiff was compelled to perform manual labour, consisting of the transportation, handling, and staging of IT and telecommunications hardware. The explicit corporate objective of this forced labour was to build, operationalize, and conceal a network of front-office facilities for China Unicom—an entity prohibited from providing telecommunications services within the United States under Federal Communications Commission Order (FCC 22-9). As a direct result of this forced labour, the Plaintiff sustained spinal trauma. The Defendants further abused legal and administrative processes by deliberately denying the Plaintiff access to diagnostic and emergency medical treatment, thereby maintaining his physical isolation and continuing the forced labour scheme throughout the relevant period, in direct violation of 18 U.S.C. § 1589.

E.     Between March 17, 2025, and June 30, 2025, Defendants extended their organized and systemic violations of **18 U.S.C. § 1592** including but not limited to Defendant Equinix Inc. manipulation and abuse of the Plaintiff's government-issued identities including its own security passes for the facilities at its owned and operated facility at 639 Gardeners Road, Sydney, Australia – "SY1" and facilities at 2 Tai Seng Exchange, Singapore associated with facilities owned or operated by Defendant China Unicom; Defendant National Australian Bank manufactured banking transactions to manufacture debts or moved cash illegally to avoid U.S. SWIFT system abusing the Plaintiff's personal account number 734158173 held at Defendant's Branch ID 8173;Defendant GIO Insurance (Suncorp Group) joined Defendant National Australian Bank by orchestrating a sophisticated methodology of financial transaction fabrication to support a fabricated workers compensation certificate number 252790301 and fake workers claim number 7812878; Defendant Australian Superannuation Fund Ltd. did not spare even the Plaintiff's statutory fund account number 1072131772, fabricating it for false tax reporting and employment records for benefiting from the joint venture under 18 U.S.C. § 1593A with Defendant China Unicom to evade U.S. sanctions under sanctioned jurisdiction of CMIC-EO13959 and support alleged offences under Court's original jurisdiction 18 U.S.C. § 1589 for forced labor and 18 U.S.C. § 1592 and extended jurisdiction under 18 U.S.C. § 1596.

F.     The Defendants knowingly benefited, financially or by receiving anything of value, from participation in a venture which engaged in acts violating 18 U.S.C. §§ 1589, 1590, and 1592, knowing or in reckless disregard of the fact that the venture had engaged in such violations, in contravention of *18 U.S.C. § 1593A.* The joint venture comprised Equinix Inc., a U.S. corporation present in the United States; China Unicom, a designated CMIC entity seeking to evade U.S. sanctions; National Australia Bank Ltd., a national commercial bank incorporated in New York; Suncorp Group Ltd. (GIO Insurance), an SEC-registered issuer of American Depositary Shares; and AustralianSuper Pty Ltd., an SEC-registered institutional investment manager. The venture was structured to evade U.S. sanctions under CMIC-EO13959 and to derive financial benefit from forced labor and trafficking, thereby bringing the entirety of the venture within the original jurisdiction of this Court under 28 U.S.C. § 1331 and the extended jurisdiction under 18 U.S.C. § 1596.Defendant China Unicom, while appealing the Federal Communications Commission's revocation of its license (FCC 22-9) before the Ninth Circuit Court of Appeals, simultaneously established and organised a joint venture in violation of 18 U.S.C. § 1593A to counter and evade the CMIC-EO13959 sanctions and the Chinese Military-Industrial Complex Companies List, from which it continues to derive financial benefits through the alleged offences of trafficking under 18 U.S.C. § 1590 and forced labor under 18 U.S.C. § 1589.

Pro Se 1 (Rev. 12/16) Amended - Complaint for a Civil Case

## IV.    Relief

**A.**    WHEREFORE, the Plaintiff respectfully prays that this Court enter judgment in his favor and against the Defendants, jointly and severally, and award the following relief:

**B.**    Compensatory damages in an amount to be proven at trial, including but not limited to damages for medical expenses, lost wages, loss of earning capacity, pain and suffering, emotional distress, and financial harm;

**C.**    Punitive damages in an amount sufficient to punish the Defendants for their egregious and willful misconduct and to deter future violations of 18 U.S.C. §§ 1589, 1590, 1592, and 1593A;

**D.**    Injunctive relief, including an order enjoining the Defendants from continuing the trafficking, forced labor, and document manipulation scheme alleged herein, and requiring the return and restoration of all documents unlawfully concealed, fabricated, or possessed;

**E.**    Such other and further relief as this Court deems just and proper.

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:                         07/07/2026

Signature of Plaintiff

Printed Name of Plaintiff        Sajjad Nasir