IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

SAJJAD NASIR,

      Plaintiff,                             ORDER OF DISMISSAL

      v.                                   26-cv-606-wmc

CHINA UNICOM, EQUINIX, INC.,
NATIONAL AUSTRALIAN BANK,
AUSTRALIAN SUPERANNUATION FUND,
and GIO INSURANCE,

      Defendants.

_____

Plaintiff Sajjad Nasir is a resident of Australia who, while representing himself, has filed this lawsuit against China Unicom, a company located in Hong Kong, Equinax, Inc., a corporation located in California, and the following other entities located in Australia: the National Australian Bank, the Australian Superannuation Fund, and GIO Insurance. In an amended complaint, plaintiff alleges that defendants have engaged in forced labor in violation of 18 U.S.C. § 1589, trafficking with respect to forced labor in violation of 18 U.S.C. § 1590, unlawful conduct with respect to documents in violation of 18 U.S.C. § 1592, and financial benefit from trafficking in violation of 18 U.S.C. § 1595.  (Dkt. #9.) Plaintiff has paid the filing fee and has now filed four motions to transfer venue to the Southern District of New York (dkts. ##10-12), where court records reflect he has already filed a similar lawsuit that remains pending.  *See Sajjad Nasir v. China Unicom et al.*, No. 1:26-cv-5149 (S.D.N.Y.).  Plaintiff has also filed two motions to transfer the case to the

1

Supreme People's Court of Beijing and a motion for recusal, filled with baseless allegations against court personnel.   (Dkts. ##13-15.)

Consistent with W.D. Wis. Administrative Order 421, this court is required to confirm subject matter jurisdiction before issuing summons.  (Dkt. #7.)   In particular, "[f]ederal district courts are courts of limited jurisdiction; they possess only that power authorized by Constitution and statute."  *Smart v. Loc. 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009) (cleaned up).  In this case, plaintiff asserts that the court has federal subject matter jurisdiction under 28 U.S.C. § 1331, and alleges violations of the Victims of Trafficking and Violence Protection Act of 2000 ("VTVPA"), Pub. L. 106-386, 114 Stat. 1464, which made it illegal for a person to knowingly provide or obtain forced labor and imposes civil liability on the "perpetrator" of an offense, as well as anyone who "knowingly benefits, or attempts or conspires to benefit financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter."  18 U.S.C. § 1595(a); *Ratha v. Rubicon Res., LLC*, 168 F.4th 541, 554 (9th Cir. 2026).

In particular, plaintiff alleges that defendants are liable for violating the VTVPA between September 30, 2024, and January 19, 2025, during which defendants Equinix Inc., National Australia Bank, and Australian Superannuation Fund Ltd. allegedly orchestrated "the fraudulent recruitment and cross-border transportation of the Plaintiff from a facility owned and operated by Equinix Inc. (639 Gardeners Road, Sydney, Australia – 'SY1') to a facility owned, operated or associated with an entity on the Chinese Military-Industrial Complex Companies List – China Unicom[.]"  (Dkt. #9, at 5.)  Plaintiff

2

further alleges that between January 21 and March 17, 2025, these defendants similarly obtained his "labor and services through a scheme employing employment contractual fraud, physical isolation, coercive transportation methods, false banking transactions, abuse of legal and administrative processes, and a pattern intended to cause Plaintiff to believe he would suffer serious harm." (*Id*. at 6-7.)  Finally, plaintiff claims that these same defendants also allegedly engaged in systemic violations of the VTVPA between March 17 and June 30, 2025, by manipulating plaintiff's "government-issued identities" to manufacture banking transactions or move cash illegally to avoid the U.S. SWIFT system through a "sophisticated methodology of financial transaction fabrication to support a fabricated workers compensation certificate" and a "fake workers claim number" to evade U.S. sanctions for forced labor.  (*Id*. at 6.)

Plaintiff's case before this court, even as amended, must be dismissed for several reasons.  First, court records reflect that a similar complaint filed by plaintiff in the Western District of Washington was dismissed previously for failure to state a claim over which that court lacked subject matter jurisdiction.  *Nasir v. China Unicom et al.*, No. 2:26-cv-1853, 2026 WL 1830926 (W.D. Wash. June 25, 2026).  Specifically, that court noted that the VTVPA does not provide for extraterritorial jurisdiction over claims like plaintiff raises here, because they concern conduct that allegedly occurred in Australia or Singapore.  *Id*. at *3.  After that complaint was dismissed, plaintiff re-filed a similar complaint here in the Western District of Wisconsin just one week later on July 2, 2026, without offering any additional jurisdictional basis for this federal court to proceed than was before the Western District of Washington.  Because plaintiff fails to establish that subject matter jurisdiction

3

exists in this case as well, the court must dismiss the action as well under Fed. R. Civ. P. 12(h)(3).

Second, plaintiff's amended complaint not only substantially duplicates other complaints against some of the same defendants in the Western District of Washington, but also a pending case in the Southern District of New York. This district court has broad discretion to dismiss a complaint "for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 888-89 (7th Cir. 2012) (internal quotations and citations omitted). A suit is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." *Id*. (citation omitted). "To assert the same claim a second time before the first action has been finally decided is frivolous and abusive." *Bailey v. United States*, No. 96 C 1405, 1996 WL 494270, at *4 (N.D. Ill. Aug. 27, 1996); *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) ("[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff.") (quoting *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989)).

Third, upon being advised by the court that jurisdictional screening was required before summons would issue under W.D. Wis. Administrative Order 421 (dkt. #7), plaintiff sent two, expletive-laden emails to the clerk's office Help Desk. The first objected that his complaint was assigned a shell case number for screening, stated as follows: "The mother fucker court clerk has fabricated a case number and an order. If the mother fucker is not able to assign a proper case number and issue a summon[s] then that mother fucker need[s] to transfer this case somewhere else." The second raised similar profane

sentiments, stating: "This Mother Fucker clerk was payed [sic] the fucking fee and if there is still shell case access then either he should fuck his mother [or] transfer [the] case elsewhere." This language, and the general disrespect it reflects, to a public servant simply doing their job is by itself wholly unacceptable and sanctionable. Indeed, district courts have inherent authority to sanction litigants for abuse of process, up to and including dismissing the lawsuit. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991); *Montano v. City of Chicago*, 535 F.3d 558, 563-64 (7th Cir. 2008). Sanctions are also available under Fed. R. Civ. P. 11 for abuse of the right of access to the court. *Dreis & Krump Mfg. v. Int'l Ass'n of Machinists & Aerospace Workers*, 802 F.2d 247, 255 (7th Cir. 1986).[1]

Fourth and finally, plaintiff's profane communications aside, this lawsuit has no connection to the Western District of Wisconsin and substantially duplicates complaints filed in two other district courts. While plaintiff has filed motions to transfer this case to the Southern District of New York, where he already has a similar complaint pending, plaintiff makes no effort to show that venue is appropriate there. When considered alongside the fact that his current amended complaint does not state a claim over which

---

[1] The court also takes judicial notice that plaintiff has been branded a vexatious litigant by the Federal Court of Australia for, among other things, frequently instituting or conducting vexatious proceedings in the Australian courts, as well as bombarding the court and the Registry with "scandalous" emails in addition to other inappropriate conduct. *Nasir v. Reynolds (Vexatious Proceedings Order)*, [2024] FCA 1194, at 4-5, 7 (Oct. 15, 2024), available from the Federal Court of Australia's website at: www.judgments.fedcourt.gov.au/judgments (last accessed July 8, 2026). In doing so, the court described plaintiff as the type of self-represented litigant who, "unrestrained by the norms regulating the professional conduct of lawyers and aggrieved by a perceived wrong, become serial litigants obsessed with seeking vindication of their position and in doing so mount, often repeatedly, arguments which would never be advanced by a responsible practitioner." *Id.* at 2. As a result, he is prohibited from instituting proceedings in the Federal Court of Australia without first obtaining leave in accordance with the § 37AO of the Federal Court of Australia Act. *Id.* at 90. While the court does not enter such a sanction here, additional vexatious and seemingly meritless filings in this and other courts in the United States may well justify a similar sanction.

this court has subject matter jurisdiction, the court will dismiss this action without prejudice and without leave to amend given the fundamental flaws in his pleading and the obvious lack of subject matter jurisdiction or venue in this court.

## ORDER

IT IS ORDERED THAT:

1) The amended complaint filed by plaintiff Sajjad Nasir (dkt. #9) is DISMISSED without prejudice.

2) Plaintiff's motions to transfer venue (dkts. ##10-14) and for recusal (dkt. #15) are DENIED AS MOOT.

3) The clerk of court is directed to enter judgment and close this case.

Entered this 9th day of July, 2026.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

6