IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

SAJJAD NASIR,

      Plaintiff,                                       ORDER

      v.                                        26-cv-606-wmc

CHINA UNICOM, EQUINIX, INC.,
NATIONAL AUSTRALIAN BANK,
AUSTRALIAN SUPERANNUATION FUND,
and GIO INSURANCE,

      Defendants.
_____

On July 9, 2026, the court dismissed the civil action filed by plaintiff Sajjad Nasir for lack of subject matter jurisdiction. (Dkt. #16.) In that order, the court noted that plaintiff had filed expletive-laden emails to the clerk's office Help Desk and advised plaintiff that his conduct was not only wholly unacceptable but also sanctionable. (*Id*. at 5.) Despite this, plaintiff has continued to direct profanity towards the clerk's office, both in emails to the Help Desk and in several recent submissions, including altering the signature block for the clerk of court and a deputy clerk with profanity, then filing an altered version of the final judgment in this case. (Dkts. ##22-29.)

As noted previously in the order of dismissal, district courts have inherent authority to sanction litigants for abuse of process, up to and including dismissing the lawsuit. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991); *Montano v. City of Chicago*, 535 F.3d 558, 563-64 (7th Cir. 2008). Sanctions are also available under Fed. R. Civ. P. 11 for abuse of the right of access to the court. *Dreis & Krump Mfg. v. Int'l Ass'n of Machinists &*

1

*Aerospace Workers*, 802 F.2d 247, 255 (7th Cir. 1986).  Because plaintiff has continued to direct profane correspondence and pleadings towards the court and the clerk's office even after dismissal, the court concludes that sanctions are warranted, as set forth below.

## ORDER

IT IS ORDERED THAT:

1) Effective immediately plaintiff's E-filing privileges are REVOKED and all of plaintiff's filing after his Notice of Appeal are STRUCK.

2) The clerk's office is authorized to DELETE without opening any e-mail received from plaintiff, whether directly or through the Help Desk

3) Pursuant to the procedure set forth in *Support Systems International v. Mack*, 45 F.3d 185 (7th Cir. 1995), the clerk of court shall RETURN unfiled any new civil action that plaintiff may file.

4) Any further correspondence, pleadings, or motions in this case will receive no response or be docketed unless deemed necessary by the court.

5) Plaintiff is WARNED that additional sanctions may result, including monetary penalties, should he continue to file abusive, profanatory or frivolous materials.

Entered this 13th day of July, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

2